**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KENNETH McKENNA,

    Petitioner,

-vs-                                                        Case No. 8:05-CV-2222-T-30TBM

UNITED STATES OF AMERICA ,

    Respondent.
_____/

**O R D E R**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 5) of the December 9, 2005 decision rejecting his request that the Court vacate and set aside the December 20, 1995 order denying his request for federal habeas relief. The request for relief from the 1995 decision was premised on Petitioner's assertion that a "state-trained certified inmate law clerk" sabotaged his efforts to obtain habeas relief in both the state and federal courts. Petitioner has also filed a notice of Judicial Acts to be Reviewed (Dkt. 7) and an Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. 8).

Petitioner cited Fed. R. Civ. P. 60(b) as legal authority for his petition. Petitioner did not attack the substance of the district court's 1995 resolution of his claim on the merits, but rather "a defect in the integrity of the federal habeas proceedings." *See Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. 2641, 2648 (2005) The *Gonzalez* court found that fraud on the federal habeas court is one example of such a defect. *Id*. at 2648 n.5 (citing *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal

habeas proceeding, not to the integrity of the state criminal trial")). Applying the standard in this circuit for a claim of fraud on the court, the Court found that Petitioner failed to meet the burden of showing that he is entitled to relief from the judgment. *See Traveler's Indemnity Co. V. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985) (quoting 7 J. Moore & J. Lucas, *Moore's Federal Practice*, ¶ 60.33).

Notwithstanding his apparent indigent status, Petitioner has no absolute right to appeal *in forma pauperis.* To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D.Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). *See generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success").

Petitioner has failed to identify any colorable basis for appeal or for concluding that the Court's disposition of this matter was in error, and the Court has been unable to discern any such basis. Upon review of the order from which Petitioner appeals, the Court readily concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Petitioner has little or no chance of success. He is therefore ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3).

To the extent that a certificate of appealability ("COA") is required before Petitioner can proceed on appeal, *see Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002), the

Court construes the Notice of Appeal as a motion for issuance of a COA (Dkt. 6) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a COA where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). To obtain a COA when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of his petition for relief from the 1995 order debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

1. Petitioner's Notice of Appeal (Dkt. 5), which the Court has construed as a motion for issuance of a certificate of appealability (Dkt. 6), is **DENIED**.

2. Petitioner's request to proceed on appeal *in forma pauperis* (Dkt. 8) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2006.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh